UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MAURICE C. HALL,**

         **Plaintiff,**

    v.                               Case No. 19-CV-1512

**STATE OF WISCONSIN,**

         **Defendant.**

---

## ORDER

Plaintiff Maurice C. Hall, a Wisconsin state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights. Plaintiff also filed a motion for leave to proceed without prepayment of the filing fee and a motion to amend the complaint to add assistant district attorney Sara B. Lewis as a defendant in her individual capacity. Plaintiff additionally filed a motion entitled "Motion to Settle for Exemplary Damages Due to Double Jeopardy Violation," which purports to forgo a lawsuit and instead immediately settle the case for $80 million. This order resolves plaintiff's motions and screens his complaint.

*Motion for Leave to Proceed Without Prepayment of the Filing Fee*

The Prison Litigation Reform Act applies to this case because plaintiff was incarcerated when he filed his complaint. 28 U.S.C. § 1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. § 1915(b). Once the plaintiff pays the

initial partial filing fee, the court may allow him to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On October 30, 2019, I ordered plaintiff to pay an initial partial filing fee of $10.71. Plaintiff paid the fee on November 19, 2019. Accordingly, the court will grant plaintiff's motion to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

*Federal Screening Standard*

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe *pro se* complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*The Complaint's Allegations*

Plaintiff alleges that assistant district attorney Sara B. Lewis, who was employed by defendant the State of Wisconsin, violated his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights when she prosecuted him for the alleged assault of his then-nine-year-old daughter. Plaintiff states that on October 13, 2008, a doctor examined his daughter and the "results of the examination was documented as NO INJURIES OBSERVED OR DISCLOSED." Docket No. 1 at 2. He asserts that this is "an Indeterminate Finding." *Id.*

On October 29, 2008, an extradition warrant was issued for plaintiff's arrest despite the results of the doctor's exam. Then, on January 29, 2009, Lewis did not dismiss plaintiff's case even though she "signed and dated a Felony Pretrial Scheduling Order declaring that there is No DNA evidence in this case." *Id.* at 3. On August 12, 2009, Lewis allegedly amended his criminal charges "without changing any information", which plaintiff

says violated the Double Jeopardy Clause. *Id.* at 3-4. Plaintiff states despite the fact "there is absolutely no evidence to support the finding of guilt," Lewis took these actions anyway to "excel in her career at any cost," *Id.*

Plaintiff demands over $200 million in damages for allegedly being incarcerated for a crime he did not commit. He also wants me to order his immediate release from custody because his incarceration was unconstitutional.

*The Court's Analysis*

Plaintiff is arguing that because Lewis/The State of Wisconsin prosecuted him without evidence, he was wrongfully incarcerated in violation of his constitutional rights. In cases such as these brought under § 1983, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence*." Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If it does, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* A court must consider this regardless of whether a plaintiff is asking for monetary damages or release from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533 (2011).

Here, if I found that plaintiff's constitutional rights were violated when he was charged with the alleged assault of his daughter, my judgment would undoubtedly imply the invalidity of plaintiff's conviction. In fact, that is precisely what plaintiff is seeking to accomplish with this lawsuit. As such, his complaint must be dismissed under *Heck*. Also, I note that the events in plaintiff's complaint happened more than ten years ago. So even if plaintiff's § 1983 complaint was not *Heck*-barred, it would be barred by the statute of

limitations. *See Kennedy v. Huibregtse,* 831 F.3d 441, 442 (7th Cir. 2016) ("[T]he statute of limitations for section 1983 claims in Wisconsin is six years.").

The more appropriate means for plaintiff to challenge the validity of his confinement is by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). However, such a petition is subject to the statute of limitations in 28 U.S.C. § 2254(d), so plaintiff should consider the age of his allegations carefully before pursuing a *habeas* petition. I will dismiss plaintiff's complaint without prejudice and include a copy of a *pro se* guide, Habeas Corpus: Answers to State Petitioners' Common Questions, along with this order. Also, because plaintiff's complaint is *Heck*-barred, I will deny his motion to amend to add Lewis as a defendant as moot because it is irrelevant—regardless of whether Lewis or the State of Wisconsin is the named defendant, the analysis under *Heck* remains the same. Similarly, I will deny as moot his Motion to Settle for Exemplary Damages Due to Double Jeopardy Violation.

## ORDER

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall collect from his institution trust account the $339.29 balance of the filing **by collecting payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the account in any month in which either (1) the balance in the account exceeds $10 or (2) the income credited to the account in the preceding month exceeded $10.** The collected payments shall be sent to the clerk of

court. The payments shall be clearly identified by the case name and number assigned to this case. If the plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend Complaint (Docket No. 6) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that plaintiff's Motion to Settle for Exemplary Damages Due to Double Jeopardy Violation (Docket No. 8) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that plaintiff's Motion for an Order to rule in his favor (Docket No. 11) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

**IT IS FURTHER ORDERED** that a copy of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 5th day of May, 2020.

                                              s/Lynn Adelman
                                              Lynn Adelman
                                              District Judge